**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

JACK AND PAMS' LLC,
d/b/a PORKER'S BAR-B-Q,
JACK BRUER,  individually and
PAM NAPIER, individually,
　　　　Plaintiffs,

v.                                              CIVIL ACTION NO. 2:11-CV-0614
                                                (Honorable Joseph R. Goodwin)

WAL-MART STORES, INC.,
d/b/a SAM'S CLUB STORE #6457,
and GENERAL ELECTRIC COMPANY,
　　　　Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE***
**NO. 7  TO EXCLUDE EVIDENCE OF PLAINTIFFS'**
**PREVIOUS RESTAURANT EXPERIENCE**

Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club Store #6457, and General

Electric Company ("Defendants") by counsel, respond in opposition to Plaintiffs' Motion *in*

*Limine* No. 7 to Exclude Evidence of Plaintiffs' Previous Restaurant Experience as follows:

**BACKGROUND**

Plaintiffs' initiated this civil action to recover damages caused by the August 19,

2009 fire.  Plaintiffs seek to recover damages for personal property items, franchise fees, future

royalties from the franchise and "build out cost for a new lease."  Except for royalties, Plaintiffs

have assigned a specific dollar amount to each and every category of their damages.  This

specific dollar amount is based on Plaintiffs' opinion of the value of their damages.  It remains

unclear what additional information, if any, Plaintiffs used to place a specific value on their

damages for franchise fees and the "build out cost for a new lease."

## ARGUMENT

### I.      Evidence of Plaintiffs' Previous Restaurant Experience is Probative to Show Plaintiffs' Basis for Their Opinion on the Value of Their Damages.

Evidence of Plaintiffs' previous restaurant experience is probative to show Plaintiffs' basis for their opinion on the value of their damages.  Moreover, the prejudicial effect, if any, does not substantially outweigh the probative value.   Under the Federal Rules of Evidence, this Court has wide discretion to exclude otherwise relevant evidence if the evidence's probative value is substantially outweighed by the danger of unfair prejudice.  FED. R. EVID. 403.  Unfair prejudice is defined as evidence that has "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Romer,* 148 F.3d 359, 369 (4th Cir. 1998).

In this instance, Plaintiffs placed a specific dollar amount on the value of damages for franchise fees and the "build out cost for a new lease."  It is anticipated that Plaintiffs will ask the jury to award them the specific value that Plaintiffs placed on those damages.  Plaintiffs' previous restaurant experience is probative on the issue of Plaintiffs' qualifications to give an opinion on the value of their damages.  A rational jury would certainly conclude that an individual with extended restaurant experience is more qualified to give an opinion on the value of restaurant damages than an individual with little or no restaurant experience.

Evidence of Plaintiffs' restaurant experience has very little, if any, prejudicial effect on Plaintiffs.  Plaintiffs' prior experience in the restaurant business does not present the danger of suggesting a decision based on emotion, which Federal Rule of Evidence 403 prohibits.  Rather, evidence of Plaintiffs' restaurant experience is necessary for the jury to consider in determining whether Plaintiffs are qualified to give an opinion on the specific value

of their damages. Therefore, the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice.

## II. Evidence of Plaintiffs' Previous Restaurant Experience is Required to Qualify Plaintiffs to Give an Opinion of a Specific Dollar Value for Their Restaurant Damages.

Plaintiffs seek to give an opinion on the specific value of franchise fees Plaintiffs would have received had the August 19, 2009 fire not occurred. Plaintiffs further seek to give an opinion on the specific cost Plaintiffs would incur for a "build out for a new lease." Obviously, a lay person would not be qualified to give an opinion on the value of either one of these damages. An opinion on the value of these damages requires technical and specialized knowledge. Under the Federal Rules of Evidence, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, <u>experience</u>, training, or education, may testify thereto in the form of an opinion or otherwise if specific requirements are met. FED. R. EVID. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the United States Supreme Court confirmed the trial court's role as a "gatekeeper" in determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Generally, the trial judge must determine whether the expert's testimony rests on a reliable foundation and is relevant to the task at hand. *Id.* at 597. Although the evidence in *Daubert* was based on scientific knowledge, the same gatekeeping function based on reliability and relevance is used for the admissibility of evidence based on nonscientific testimony, such as technical or specialized knowledge. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 138 (1999).

Prior to allowing Plaintiffs' opinion on the value of their restaurant damages, this Court must determine whether such opinion rests on a reliable foundation and is relevant to the

task at hand.  Admittedly, such opinion is relevant to the task at hand, which leaves this Court to decide the issue of reliability.  The only way Plaintiffs can establish that their opinion rests on a reliable foundation is to introduce evidence of their previous restaurant experience.  Based upon the Federal Rules of Evidence and Supreme Court precedent, evidence of Plaintiffs' previous restaurant experience must be introduced at trial and considered by this Court before Plaintiffs can qualify to give an opinion of a specific dollar value for their franchise fees and the "build out cost for a new lease."

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion *in Limine* No. 7 to Exclude Evidence of Plaintiffs' Previous Restaurant Experience.

WAL-MART STORES, INC.,
d/b/a   SAM'S CLUB STORE #6457
and GENERAL ELECTRIC COMPANY
*By Counsel,*

/s/ Stuart A. McMillan
Stuart A. McMillan, Esquire (SBID#6352)
Evan R. Kime, Esquire (SBID #10323)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325-1386
(304) 347-1100

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

JACK AND PAMS' LLC,
d/b/a PORKER'S BAR-B-Q,
JACK BRUER,  individually and
PAM NAPIER, individually,
     Plaintiffs,

v.                                     CIVIL ACTION NO. 11-C-1321
                                        (Honorable Tod Kaufman)

WAL-MART STORES, INC.,
d/b/a SAM'S CLUB STORE #6457,
and GENERAL ELECTRIC COMPANY,
     Defendants.

<u>**CERTIFICATE OF SERVICE**</u>

        I, Stuart A. McMillan, counsel for Defendants, do hereby certify that on the 21st day of November, 2012, I electronically filed "Defendants' Response in Opposition to Plaintiffs' Motion *in Limine* No. 7 to Exclude Evidence of Plaintiffs' Previous Restaurant Experience" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF recipients:

        Daniel Greear, Esquire
        Kesner & Kesner, PLLC
        P.O. Box 2587
        Charleston, West Virginia  25329
        *Counsel for Plaintiffs*

                /s/ Stuart A. McMillan
                Stuart A. McMillan, Esquire (SBID #6352)

5